## HEATHER O: BOSCO *v.* DANIEL B. REGAN ET AL.
## (AC 27808)

Flynn, C. J., and Harper and Pellegrino, Js.

Argued April 24—officially released July 24, 2007

*Robert L. Chase*, for the appellant (defendant Melissa's Cafe, LLC).

*William F. Beckert, Jr.*, with whom, on the brief, was *Christopher M. Reeves*, for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. The defendant Melissa's Cafe, LLC,[1] appeals from the judgment of the trial court, rendered after the jury verdict in favor of the plaintiff, Heather O. Bosco, in a negligence action arising out of an altercation that took place in the defendant's bar in Naugatuck. On appeal, the defendant claims that the court improperly (1) concluded that count three of the plaintiff's amended complaint was not barred by the statute of limitations and (2) denied its motion to set aside the jury verdict. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our discussion of the defendant's appeal. The plaintiff served a five count complaint dated April 11, 2002 (original complaint) against Daniel B. Regan, the sole member and employee of the defendant, and Lynn Dunn, seeking damages in connection with the injuries the plaintiff sustained two years earlier on April 20, 2000, as a result of being struck in the face with a broken bottle or glass object by Dunn, another patron

---

[1] Also named as defendants were Daniel B. Regan, the sole member and employee of Melissa's Cafe, LLC, and Lynn Dunn, a patron at Melissa's Cafe, LLC, on the night of the incident at issue. Prior to trial, the action was withdrawn as against Regan, and Dunn entered into a stipulated judgment in favor of the plaintiff, Heather O. Bosco. We therefore refer in this opinion to Melissa's Cafe, LLC, as the defendant.

of the defendant's bar. Counts one, two and three of the original complaint[2] alleged negligence, gross negligence, and reckless and wanton conduct on the part of the defendant and Regan, respectively. In each of these three counts, the plaintiff specifically alleged that the defendant and Regan "failed to monitor the actions of patrons in the bar or to have adequate safety precautions in effect at the bar in order to protect the patrons therein." In light of the Connecticut legislature's enactment of Public Acts 2003, No. 03-91 (P.A. 03-91),[3] on October 14, 2005, the defendant and Regan filed a motion for permission to file a motion for summary judgment with regard to counts one and two of the original complaint on the ground that P.A. 03-91 barred any cause of action against a seller of alcoholic liquor that sounded in negligence. The court, *Agati, J.*, granted the motion for permission on January 9, 2006, and the defendant and Regan filed a motion for summary judgment on January 23, 2006.[4]

On the same day as Judge Agati's ruling, the plaintiff sought leave to amend the original complaint in accordance with Practice Book § 10-60. In the amended com-

---

[2] Counts four and five of the original complaint alleged that Dunn negligently and intentionally caused the plaintiff's injuries.

[3] Public Act 03-91 provides in relevant part: "If any person . . . sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured . . . . Such *injured person shall have no cause of action against such seller for negligence in the sale of alcoholic liquor to a person twenty-one years of age or older.*" (Emphasis added.) Public Act 03-91 has been codified as General Statutes § 30-102.

[4] The motion, as filed, sought summary judgment only as to counts one and two of the original complaint. The accompanying memorandum of law in support of this motion, however, indicates that summary judgment was sought as to counts one, two and three of the original complaint. In its memorandum of decision, the court, *Brunetti, J.*, addressed the motion for summary judgment as to counts one, two and three of the plaintiff's *amended* complaint.

plaint, the plaintiff added a new count three,[5] concerning the negligent supervision of the bar by the defendant and Regan. This new count alleged, inter alia: "The injuries and losses suffered by the plaintiff were caused by the negligence and carelessness of the [defendant and Regan] in that they failed to adequately monitor the actions of its patron . . . Dunn when they knew or should have known that she was becoming loud, belligerent, and/or violent . . . in that they failed to remove . . . Dunn from the premises when they should have done so under the circumstances . . . in that they failed to provide adequate staff and/or security to ensure the safety and well-being of their customers, patrons and business invitees . . . in that they failed to supervise an unruly and dangerous patron within said establishment . . . ." The court, *Brunetti, J.*, overruled the defendant's subsequent objection to the plaintiff's amended complaint on February 6, 2006.

In its memorandum of decision filed March 1, 2006, Judge Brunetti granted the defendant's motion for summary judgment as to counts one and two of the amended complaint after concluding that these counts sounded in common-law negligence in the furnishing of alcohol to an intoxicated adult patron and that P.A. 03-91, therefore, barred such claims. Judge Brunetti denied the defendant's motion for summary judgment as to count three, the negligent supervision count, after concluding that there was a genuine issue of material fact as to whether the defendant and Regan breached a duty owed to a patron in the bar.

On March 10, 2006, the defendant and Regan requested that the plaintiff revise counts three and four of her amended complaint. In response to the defendant's request, the plaintiff filed a revised complaint on

[5] Because of the new count three, count four became the reckless and wanton conduct claim against the defendant and Regan, and counts five and six concerned Dunn's alleged negligent and intentional conduct.

April 13, 2006 (revised complaint). The revised complaint removed all claims against Regan in his individual capacity but retained all claims against him as an agent or employee of the defendant. The defendant and Regan then filed an answer to the revised complaint and asserted, as a special defense, that the plaintiff's negligent supervision claims in count three were barred by the statute of limitations embodied in General Statutes § 52-584.[6]

Before the trial commenced, Dunn and the plaintiff entered into a stipulated judgment in favor of the plaintiff in the amount of $200,000 on May 9, 2006. The following day, the plaintiff filed a second revised complaint, removing Dunn as a defendant, as her lawsuit against Dunn had been settled.[7] At the close of the plaintiff's case, the defendant moved for a directed verdict, arguing that (1) the statute of limitations barred count three of the amended complaint and that (2) the plaintiff did not satisfy her burden of proof with regard to the lack of adequate safety precautions on the defendant's premises. The plaintiff also moved for a directed verdict, arguing that (1) the statute of limitations is not an applicable defense because count three of the amended complaint did not raise a new cause of action, and that (2) the defendant and Regan were responsible for the plaintiff's injuries. The court, *Gallagher, J.,*

---

[6] Although the defendant and Regan asserted that the plaintiff's negligent supervision claim was also time barred under General Statutes § 52-577, we note that a negligent supervision claim is a negligence action that is governed by General Statutes § 52-584. See *Ahern* v. *Kappalumakkel,* 97 Conn. App. 189, 192 n.3, 903 A.2d 266 (2006). General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained . . . ."

[7] The second revised complaint also removed count four, concerning the defendant's alleged recklessness.

denied the defendant's motion for a directed verdict on both counts and granted the plaintiff's motion for a directed verdict as to the statute of limitations.

On May 11, 2006, the plaintiff revised her complaint a third time during trial, to amend the negligent supervision claims in count three. These claims, however, remained substantially the same as those found in count three of the amended complaint. After the trial, the jury returned a verdict in favor of the plaintiff in the amount of $265,891.21. On May 18, 2006, the defendant filed a motion to set aside the verdict, to which the plaintiff filed an objection. Judge Gallagher denied the defendant's motion, sustained the plaintiff's objection and rendered judgment in favor of the plaintiff in accordance with the jury verdict. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant argues that the court improperly rejected its special defense that the plaintiff's allegations of negligent supervision raised a new cause of action that was time barred by the applicable statute of limitations.[8] See General Statutes § 52-584. We disagree.

"Our standard of review of the . . . claim is well defined. A trial court's ruling on a motion of a party to amend its complaint will be disturbed only on the showing of a clear abuse of discretion. . . . Whether to allow an amendment is a matter left to the sound

---

[8] As a threshold matter, we first consider the plaintiff's argument that the defendant did not adequately preserve this claim for review. Specifically, she argues that the defendant should have filed an appeal after the court overruled its objection to the plaintiff's amended complaint. We disagree.

We note that review of interlocutory rulings must ordinarily await an appeal from a final judgment. See Blue Cross/Blue Shield of Connecticut, Inc. v. Gurski, 49 Conn. App. 731, 734, 715 A.2d 819, cert. denied, 247 Conn. 920, 722 A.2d 809 (1998). In this case, the defendant properly awaited the rendering of final judgment on the jury's verdict before appealing, and its statute of limitations claim, therefore, is properly before this court.

discretion of the trial court. [An appellate] court will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion. . . . It is the [defendant's] burden . . . to demonstrate that the trial court clearly abused its discretion." (Internal quotation marks omitted.) *Franc* v. *Bethel Holding Co.*, 73 Conn. App. 114, 132, 807 A.2d 519, cert. granted on other grounds, 262 Conn. 923, 812 A.2d 864 (2002) (appeal withdrawn October 21, 2003).

A

The defendant argues that in adding allegations of negligent supervision to the amended complaint, the plaintiff improperly was raising a new cause of action. In an amended complaint, "[i]t is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action." (Citation omitted; internal quotation marks omitted.) Id., 132–33.

We think that count three of the amended complaint stemmed from the same factual situation as the plaintiff's earlier claims in her original complaint, i.e., failing to monitor the bar's patrons or to have adequate safety precautions in place, and amplifies those claims only as to the egregiousness of the defendant's actions. The only difference between the claim as alleged in the original complaint that was filed in 2002 and the

amended complaint that was filed several months before trial, is that in the amended complaint, the claim was categorized as a separate count, with its own subject heading. The defendant cannot argue that on the basis of these structural alterations in the amended complaint, the plaintiff raised a new cause of action. We conclude, therefore, that the court did not abuse its discretion in permitting the plaintiff to file the amended complaint.[9]

## B

The defendant also argues that the court improperly rejected its special defense that the plaintiff's allegations of negligent supervision were time barred. We disagree.

"Amendments relate back to the date of the original complaint unless they allege a new cause of action. . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against

---

[9] In its brief, the defendant mentioned that it sought to depose the plaintiff again after the amended complaint was filed in an effort to explore the plaintiff's negligent supervision claim properly. The plaintiff, however, filed a motion for a protective order, which was granted by Judge Brunetti on April 10, 2006. The defendant argued that it was prejudiced by the court's ruling in that "[t]his [negligent supervision] allegation presented new discovery issues which should have been explored, without adequate time for such exploration. . . . That motion [for a protective order] was granted by the court . . . thus foreclosing any meaningful discovery by the defendant into the issues raised by the new allegations in the amended complaint." (Citation omitted.)

Having already concluded, however, that the negligent supervision count was not a new cause of action because the substance of this claim was present in the plaintiff's original complaint, we further conclude that the defendant had ample time to conduct discovery on this issue, as it should have been aware of this claim for four years, and that its argument, therefore, has no merit.

stale claims . . . ." (Citations omitted; internal quotation marks omitted.) Id., 136.

On the basis of our conclusion that the plaintiff's amended complaint did not raise a new cause of action, but rather amplified the allegations in her original complaint, we conclude that the allegations in the amended complaint related back to the earlier complaint and thus were not time barred. Accordingly, we affirm the judgment of the trial court.

## II

The defendant's second claim is that its motion to set aside the jury verdict was improperly denied by the court because the plaintiff failed to prove that her injuries were proximately caused by the defendant. Specifically, the defendant argues that it was the plaintiff's burden to show that the lack of security personnel at the defendant's bar caused the plaintiff's injuries. We are not persuaded.

"[T]he proper appellate standard of review when considering the action of a trial court granting or denying a motion to set aside a verdict . . . [is] the abuse of discretion standard. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . We do not . . . determine whether a conclusion different from the one reached could have been reached. . . . A verdict must stand if it is one that a jury reasonably could have returned and the trial court has accepted." (Internal quotation marks omitted.) *Tornaquindici* v. *Keggi*, 94 Conn. App. 828, 833–34, 894 A.2d 1019 (2006).

The record contains ample support for the jury's findings that the defendant was negligent and that this negligence proximately caused the plaintiff's injuries. During

the trial, Regan testified that he had fifteen years of experience working in different bars and that over the course of his career, he worked as a bar manager and bartender. He testified that it is the responsibility of a bar owner to provide a safe environment for its patrons and that he was "familiar with warning signs of when someone's behavior might suggest that they . . . may be looking to provoke an altercation . . . ." Regan also testified that in the past, he has asked patrons to leave the bar, depending on what he had observed from their behavior, and that on the night of the incident in question he had asked Dunn to leave the bar because "she was becoming somewhat loud and belligerent."[10] He further testified that after he asked Dunn to leave, he went away to clean the dart room area of the bar and that when he returned, Dunn and the plaintiff were having a discussion about directions to a particular bar or pizza place. Eventually, the plaintiff told Dunn to "back off and leave her alone," at which point Dunn got up, "took a pint beer glass that she was holding in her hand and struck [the plaintiff], causing the glass to break in [the plaintiff's] face."

Although Regan had asked Dunn to leave the bar prior to the incident, he did not take any steps to enforce this request; he testified that he did not "personally escort Dunn from the premises." He further testified that although the defendant often hired security personnel, such as doormen, to ensure the safety of bar patrons on the defendant's busier nights, there were no other bartenders,[11] bouncers or barbacks working on the

[10] Ronald Hunt, a sergeant with the Naugatuck police department, who was off duty and in the bar on the night in question, also testified that Dunn was loud and belligerent before the assault took place, as he saw her yelling at the plaintiff.

[11] The plaintiff testified, however, that there was another bartender working that night, Regan's mother. Dunn also testified that there was at least one other bartender working that night but that she could not remember what he or she looked like or how many other bartenders were present that evening.

night in question, as it was one of the bar's "slower" nights. Finally, Regan testified that from the time he told Dunn to leave, until the time the incident occurred, ten minutes may have passed.

It is clear from our review of the record that to Regan, some type of altercation was foreseeable between the plaintiff and Dunn, because he had asked Dunn to leave the bar. Regan, however, did nothing to enforce his initial request that Dunn leave the bar, and he testified that ten minutes may have passed, from the time he asked Dunn to leave, to the time the incident occurred. Regan's act of leaving Dunn alone with the plaintiff, rather than separating them or physically escorting Dunn from the premises, may have enabled the situation to escalate, resulting in Dunn's tortious conduct.

The jury found that there was sufficient evidence to establish that the defendant's conduct was the proximate cause of the plaintiff's injuries. We note that "[i]t is not the function of this court to sit as the seventh juror when we review the sufficiency of the evidence . . . rather, we must determine, in the light most favorable to sustaining the verdict, whether the totality of the evidence, including reasonable inferences therefrom, supports the jury's verdict . . . . In making this determination, [t]he evidence must be given the most favorable construction in support of the verdict of which it is reasonably capable. . . . In other words, [i]f the jury could reasonably have reached its conclusion, the verdict must stand, even if this court disagrees with it." (Internal quotation marks omitted.) *Jackson* v. *Water Pollution Control Authority*, 278 Conn. 692, 702, 900 A.2d 498 (2006). In the present case, there was evidence from which the jury could infer that at the time the incident occurred, Regan, as an agent or employee of the defendant, was negligent in supervising the premises and that on the basis of that negligence, the plaintiff sustained injuries. Accordingly, we conclude that the

court did not abuse its discretion by denying the defendant's motion to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.