## RITA LITVACK *v.* MARIANNE ARTUSIO ET AL. (AC 33305)

Gruendel, Beach and Peters, Js.

---

Argued April 16—officially released August 7, 2012

*Kenneth A. Votre*, for the appellant (plaintiff).

*Edward Maum Sheehy*, with whom, on the brief, was *Jennifer E. Wheelock*, for the appellees (defendants).

PETERS, J. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *Electrical Contractors, Inc.* v. *Dept. of Education*, 303 Conn. 402, 411, 35 A.3d 188 (2012). The principal issue in this appeal is whether the trial court properly held that the plaintiff, suing in her individual capacity, lacked standing to pursue a malpractice action against attorneys who had represented her father before his death. We affirm the judgment of the court dismissing the plaintiff's action for lack of subject matter jurisdiction due to lack of standing.

On April 30, 2007, the plaintiff, Rita Litvack, filed a ten count complaint against the defendants, Marianne Artusio and Touro College,[1] alleging legal malpractice, breach of contract, breach of the duty of good faith and fair dealing, reckless misrepresentation and negligent misrepresentation. The defendants denied their liability and then filed a motion for summary judgment in which they challenged the plaintiff's standing to pursue her claims.[2] Concluding that the plaintiff lacked the requisite standing, the court dismissed her action for lack of subject matter jurisdiction. Thereafter, the court denied the plaintiff's motions for reconsideration and for leave to amend her complaint. The plaintiff appeals from these adverse rulings. We affirm the judgment of the court.

[1] The plaintiff alleged that Touro College was vicariously liable for the acts and omissions of Artusio, its agent and employee.

[2] The defendants also alleged that the plaintiff's claims were barred by the applicable statutes of limitation and by the plaintiff's own negligence.

The relevant facts and procedural history are undisputed. On March 31, 2000, Artusio, an attorney and professor at Touro College, acting in her capacity as director of clinical programs for the law school, filed a damages action in the United States District Court for the District of Connecticut on behalf of Max Kaplan, alleging that Kaplan's daughter, Myrna Lehrer, was guilty of theft and conversion (Kaplan action). In November, 2002, after Kaplan's death, the District Court granted Lehrer's motion to dismiss the complaint. Subsequently, the plaintiff, Kaplan's other daughter, obtained letters testamentary from the Surrogate Court for the state of New York as executrix of her father's estate. In January, 2003, the plaintiff filed a motion to open and to substitute herself as named plaintiff in the Kaplan action, but the District Court denied that motion with prejudice. The United States Court of Appeals for the Second Circuit affirmed the denial of the plaintiff's motion on April 5, 2006.

In the present action against the defendants, Artusio and Touro College, the plaintiff alleged that the defendants were guilty of malpractice because their failure to file a timely motion to substitute the plaintiff for Kaplan as named plaintiff in the Kaplan action caused that action to be dismissed with prejudice. Although, at various junctures, the complaint identifies the plaintiff as the beneficiary and the legal representative of the Kaplan estate, it nowhere states that the plaintiff brought the present action in that capacity. Furthermore, the summons that the plaintiff served on the defendants identifies her simply as "Rita Litvack."

The defendants moved for summary judgment on two grounds. They argued that the plaintiff lacked standing (1) to maintain the action as a representative of the Kaplan estate because she filed the present action as an individual, rather than as executrix of the Kaplan estate and (2) to sue the defendants as an individual,

either as a third party beneficiary of the legal services contract between them and Kaplan or as an intended beneficiary of that contract.

Treating the defendants' motion as a motion to dismiss, in accordance with *Bellman* v. *West Hartford*, 96 Conn. App. 387, 392–93, 891 A.2d 82 (2006),[3] the court held that the defendants properly characterized the plaintiff's complaint as having been brought in her individual capacity, not as executrix of the Kaplan estate. It further held that, suing as an individual, the plaintiff did not have standing to pursue any of the claims stated in the complaint. Accordingly, it dismissed the plaintiff's action for lack of subject matter jurisdiction due to lack of standing. Thereafter, the court denied the plaintiff's motions for reargument and for leave to amend her complaint. The plaintiff has appealed.

The plaintiff claims that the court improperly (1) dismissed her action against the defendants and (2) denied her motion for leave to amend her complaint.[4] We are not persuaded by either of these claims of error.

I

The plaintiff claims that the court improperly dismissed her action against the defendants because, in her view, she has sufficiently alleged a legal interest in the action, both as executrix of Kaplan's estate and in her individual capacity as an intended and foreseeable

[3] The court properly treated the defendants' motion for summary judgment as a motion to dismiss, and we review it as such. See *Cadle Co.* v. *D'Addario*, 268 Conn. 441, 445 n.5, 844 A.2d 836 (2004) (motion for summary judgment challenging standing treated as motion to dismiss); *St. George* v. *Gordon*, 264 Conn. 538, 544–45, 825 A.2d 90 (2003) (lack of standing can be raised in motion to dismiss).

[4] We decline to review the plaintiff's additional claim, that the trial court improperly denied her motion for reargument, because it was not adequately briefed. *Carmichael* v. *Stonkus*, 133 Conn. App. 302, 307, 34 A.3d 1026, cert. denied, 304 Conn. 911, 39 A.3d 1121 (2012).

beneficiary of the legal services contract between Kaplan and the defendants. We are not persuaded.

The standard of review for determining whether a court properly dismissed an action for lack of subject matter jurisdiction is well settled. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) *Gold* v. *Rowland*, 296 Conn. 186, 200–201, 994 A.2d 106 (2010). "The issue of standing implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) *Assn. Resources, Inc.* v. *Wall*, 298 Conn. 145, 164, 2 A.3d 873 (2010); see Practice Book § 10-31 (a) (1).[5]

## A

The plaintiff claims that the court improperly concluded that she lacked standing to prosecute the present action in her capacity as executrix of the Kaplan estate. We disagree.

"[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts

---

[5] Practice Book § 10-31 (a) provides in relevant part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ."

demonstrating that he is a proper party to invoke judicial resolution of the dispute." (Internal quotation marks omitted.) *State* v. *McElveen*, 261 Conn. 198, 210, 802 A.2d 74 (2002). "[T]he identities of the parties are determined by their description in the summons." *Hultman* v. *Blumenthal*, 67 Conn. App. 613, 620, 787 A.2d 666, cert. denied, 259 Conn. 929, 793 A.2d 253 (2002).

In the present case, because the summons identified the plaintiff only as "Rita Litvack" and not as executrix of the Kaplan estate, the court properly held that the plaintiff lacked standing to sue in a representative capacity. In addition, the specific allegations in the various counts of the plaintiff's complaint demonstrate that the plaintiff was seeking compensation for alleged misconduct by the defendants that had caused her to suffer *personal* injury. For example, the plaintiff contends that she was *personally* damaged (1) by the defendants' tortious misconduct in permitting "the dismissal of the [Kaplan action], which would have determined her substantive rights to the funds removed from [Kaplan's] bank accounts"; (2) as third party beneficiary of Kaplan's contract with the defendants, by "the defendants' breach of the contract"; and by the loss of the "opportunity to have a determination on the merits [in the Kaplan action], which would have determined her interest in certain funds misappropriated from . . . Kaplan . . . ."

In sum, both the summons and the allegations of the plaintiff's complaint demonstrate the propriety of the court's conclusion that the plaintiff sought recovery for alleged injuries that she suffered in her individual capacity, rather than injuries to the Kaplan estate. The plaintiff has cited no authority for her contention that, because she identified herself in her pleadings as Kaplan's daughter and executrix of the Kaplan estate, she automatically had asserted her standing as her

deceased father's legal representative, and we know of none.

## B

The plaintiff claims, alternatively, that the court improperly concluded that she lacked standing to maintain the present action in her capacity as an individual. The plaintiff maintains that she has standing to pursue her claims against the defendants both as an intended third party beneficiary and as a foreseeable beneficiary of the legal services contract between the defendants and Kaplan. We are not persuaded.

The law regarding the creation of third party rights in legal services contracts is well settled. "As a general rule, attorneys are not liable to persons other than their clients for the negligent rendering of services." *Krawczyk* v. *Stingle*, 208 Conn. 239, 244, 543 A.2d 733 (1988). To determine when attorneys should be held liable to parties with whom they are not in privity "courts have looked principally to whether the primary or direct purpose of the transaction was to benefit the third party." Id., 245. "[A] third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party." *Stowe* v. *Smith*, 184 Conn. 194, 196, 441 A.2d 81 (1981).

We agree with the court that, in this case, the plaintiff's pleadings fail to allege facts sufficient to establish that, when entering into the legal services contract with Kaplan, the defendants undertook to become obligated to the plaintiff as a third party beneficiary. The plaintiff alleges, and the defendants do not deny, that they rendered legal services "for the benefit of . . . Kaplan." The retainer in which the defendants' contracted to perform legal services for Kaplan did not refer to the plaintiff, either directly or by necessary implication. The plaintiff's contention that Artusio and Kaplan had

agreed orally that the plaintiff should benefit from the legal services to be provided to Kaplan is unsupported by anything other than the plaintiff's bald representation to that effect.[6] Even more to the point, the plaintiff's representation does not demonstrate that the defendants agreed to *assume liability* to the plaintiff. See *Grigerik* v. *Sharpe*, 247 Conn. 293, 313, 721 A.2d 526 (1998) ("[t]he intent to confer a benefit is irrelevant to the determination of whether [the plaintiff] was a third party beneficiary" [internal quotation marks omitted]); see also *Golek* v. *Saint Mary's Hospital, Inc.*, 133 Conn. App. 182, 200–201, 34 A.2d 452 (2012).

The plaintiff's alternate claim, that she was a foreseeable beneficiary of the legal services contract, is similarly unpersuasive. See *Gazo* v. *Stamford,* 255 Conn. 245, 267, 765 A.2d 505 (2001). Although the intended beneficiary of a will may have a cause of action for the improper preparation of a testamentary document; see *Stowe* v. *Smith*, supra, 184 Conn. 198–99; the plaintiff has cited no authority for imposing such liability on attorneys who entered into a retainer for ordinary legal services.[7] Furthermore, at the time when the defendants agreed to represent Kaplan in the Kaplan action, the plaintiff was not a foreseeable beneficiary of the services they agreed to perform.[8] To the extent that the

[6] The plaintiff maintains that, as executrix of the Kaplan estate, she contacted Artusio to continue the Kaplan action and, therefore, became a third party beneficiary to the legal services contract. That argument is unavailing. Any contract between the plaintiff and Artusio that was negotiated by the plaintiff in her role as executrix of the Kaplan estate is irrelevant to the plaintiff's standing to maintain the present action in her individual capacity.

[7] The plaintiff maintains that, as an intended beneficiary of the legal services contract, she also may recover damages in tort based on the defendants' failure to substitute her as the named plaintiff in the Kaplan action. As the trial court did not discuss this claim, and the plaintiff did not file a motion for articulation of the court's decision, we decline to address it. *Cadlerock Properties Joint Venture, L.P.* v. *Commissioner of Environmental Protection*, 253 Conn. 661, 674–75, 757 A.2d 1 (2000), cert. denied, 531 U.S. 1148, 121 S. Ct. 1089, 148 L. Ed. 2d 963 (2001).

[8] Indeed, after the defendants filed the complaint in the Kaplan action, Lehrer filed a third party complaint against the plaintiff, alleging that the

defendants owed a duty to take reasonable steps to ensure that the Kaplan action was not dismissed after Kaplan's death, that duty was owed to the plaintiff *as executrix* of the Kaplan estate, not to the plaintiff as an individual.

Under the circumstances of this case, we conclude that the plaintiff failed to allege facts to establish that she has any personal legal interest in the contract between Kaplan and the defendants. Suing in her individual capacity, rather than as executrix of the Kaplan estate, the plaintiff has failed to establish a basis for her claim that she was either a third party beneficiary or a foreseeable beneficiary of that contractual undertaking.

### III

Finally, the plaintiff claims that the court improperly denied her motion for leave to amend her complaint, which she filed subsequent to the court's judgment dismissing her action for lack of standing. In her motion, the plaintiff relied on General Statutes § 52-123[9] as authority for the court to recognize that she had brought the present action as an executrix of her father's estate. The plaintiff maintains that, under the circumstances of this case, § 52-123 required the court to grant her motion to amend the complaint. We are not persuaded.

"A trial court's ruling on a motion of a party to amend its complaint will be disturbed only on the showing of

plaintiff had "asserted undue influence, domination, and control over . . . Kaplan and his assets." The fact that the plaintiff was a third party defendant in the Kaplan action and, therefore, an adverse party in that action, is inconsistent with her present claim that she was a foreseeable beneficiary of the Kaplan estate.

[9] General Statutes § 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."

a clear abuse of discretion." (Internal quotation marks omitted.) *Bosco* v. *Regan*, 102 Conn. App. 686, 691, 927 A.2d 325, cert. denied, 284 Conn. 914, 931 A.2d 931 (2007). "[Section] 52-123 replaces the common law rule that deprived courts of subject matter jurisdiction whenever there was a misnomer or misdescription in an original writ, summons or complaint. . . . [T]he effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed." (Citation omitted; internal quotation marks omitted.) *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 396–97, 655 A.2d 759 (1995).

We agree with the trial court that the plaintiff's cause of action does not fall within the provisions of § 52-123, as the allegations of her complaint "conflate the legal capacity of the plaintiff as executrix and her individual capacity."[10] Furthermore, the plaintiff's motion to amend was filed after the court had already ruled in favor of the defendants, granting their motion to dismiss the action. We know of no case, and the plaintiff has cited none, in which a court has been faulted for denying a belated motion to amend after expiration of the thirty day grace period for amendment prescribed by General Statutes § 52-128 and after the court's dismissal of the complaint for lack of jurisdiction. Under these circumstances, we are not persuaded that the court's ruling was an abuse of its discretion. See, e.g., *Shuster* v. *Buckley*, 5 Conn. App. 473, 479, 500 A.2d 240 (1985).

In sum, we conclude that the court properly granted the defendants' motion to dismiss because the facts

---

[10] We agree with the defendants that the omission of "executrix" on the summons was not solely a circumstantial error.

alleged in the plaintiff's complaint were insufficient to confer standing on the plaintiff to pursue her claim that the defendants' legal services contract with Kaplan made them accountable to her. Although, in parts of her complaint, the plaintiff identified herself as Kaplan's daughter and as executrix of the Kaplan estate, the court properly concluded that she had brought her action solely in her individual capacity. Furthermore, the plaintiff did not plead facts sufficient to establish her claims for relief. Finally, we conclude that the court did not abuse its discretion in denying the plaintiff's postjudgment motion to amend her complaint.

The judgment is affirmed.

In this opinion the other judges concurred.