******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WILBERT LAWRENCE *v.* HENRY WEINER
(AC 35378)

Keller, Prescott and Schaller, Js.

*Argued October 16, 2014—officially released January 6, 2015*

(Appeal from Superior Court, judicial district of Hartford, Miller, J.)

*Vincent F. Sabatini*, for the appellant (plaintiff).

*Nancy A. Brouillet*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Ann E. Lynch* and *Peter M. Haberlandt*, assistant attorneys general, for the appellee (defendant).

*Opinion*

PRESCOTT, J. General Statutes § 4-165 grants state employees immunity from suit from negligence claims regarding conduct arising out of the scope of their employment, but such immunity does not extend to conduct by a state employee that is alleged to be wanton, reckless, or malicious. In this appeal from the trial court's judgment of dismissal in a tort action brought by the plaintiff, Wilbert Lawrence, against the defendant, Henry Weiner, a state employee, the dispositive issue is whether the court properly concluded that the plaintiff's complaint failed, as a matter of law, to plead conduct that is wanton, reckless, or malicious. We conclude that the plaintiff's complaint failed to adequately allege conduct that is wanton, reckless, or malicious and is therefore barred by § 4-165. Accordingly, we affirm the judgment of the trial court.

The following facts are alleged in the plaintiff's complaint, which we assume to be true for purposes of this appeal. The plaintiff was the teacher of an automotive repair class at the State of Connecticut's Vinal Technical High School in Middletown. In March, 2010, he was teaching his class when he experienced "an emergency situation in which he needed to use the restroom facilities." As required by school policy, the plaintiff had another staff member supervise his students during his absence from the classroom. While the plaintiff was in the restroom, however, a student was injured while using a piece of machinery.

Later that day, the defendant, the school's assistant principal, "falsely reported the plaintiff to the Department of Children and [Families (department)] . . . and accused the plaintiff of physical neglect.' " In making his report, the defendant failed to disclose that the plaintiff was in the bathroom at the time of the accident, and that another staff member was supervising the plaintiff's students in his absence. The defendant also failed to wait for an investigation into the student's injury to be completed before making his report to the department. One month later, the plaintiff was terminated from his position at the school.

The plaintiff subsequently filed the present case against the defendant in his individual capacity, raising claims of defamation, vexatious litigation pursuant to General Statutes § 52-568, Unfair Trade Practices pursuant to General Statutes § 42-110a et seq., "false accusations," negligent and intentional infliction of emotional distress, and recklessness. The defendant moved to dismiss the plaintiff's action, arguing that he was entitled to statutory immunity pursuant to General Statutes §§ 4-165 and 17a-101e (b).[1] After hearing argument, the court granted the defendant's motion, and the plaintiff appealed. Additional facts will be set forth as necessary.

The plaintiff raises two principal claims on appeal.[2]

First, he claims that the court improperly concluded that the defendant was entitled to statutory immunity under § 4-165. Second, he claims that before ruling on the defendant's motion to dismiss, the court was required to hold an evidentiary hearing. For reasons we now set forth, we reject both of these claims.

I

The plaintiff claims that the court improperly determined that the defendant was entitled to statutory immunity pursuant to § 4-165. Specifically, the plaintiff contends that § 4-165 does not afford the defendant immunity because the defendant acted wantonly, recklessly, and maliciously. The defendant responds that the plaintiff's action was properly dismissed because his complaint failed to allege specific facts sufficient to demonstrate that the defendant's conduct fell within an exception to the immunity provided by § 4-165. We agree with the defendant.

We begin by setting forth the applicable standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Conboy* v. *State*, 292 Conn. 642, 650, 974 A.2d 669 (2009).

"Claims involving the doctrines of common-law sovereign immunity and statutory immunity, pursuant to § 4–165, implicate the court's subject matter jurisdiction. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Citations omitted; internal quotation marks omitted.) *Manifold* v. *Ragaglia*, 94 Conn. App. 103, 113–14, 891 A.2d 106 (2006).

"When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) *Filippi* v. *Sullivan*, 273 Conn. 1, 8, 866 A.2d 599 (2005).

General Statutes § 4-165 (a) provides in relevant part that "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his or her duties or within the scope of his or her employment. . . ." "In other words, state employees may not be held personally liable for their negligent actions performed

within the scope of their employment. . . . State employees do not, however, have statutory immunity for wanton, reckless or malicious actions, or for actions not performed within the scope of their employment. For those actions, they may be held personally liable, and a plaintiff who has been injured by such actions is free to bring an action against the individual employee." (Footnote omitted.) *Miller* v. *Egan*, 265 Conn. 301, 319, 828 A.2d 549 (2003).

"In the posture of this case, we examine the pleadings to decide if the plaintiff has alleged sufficient facts . . . with respect to personal immunity under § 4-165, to support a conclusion that the [defendant was] acting outside the scope of [his] employment or wilfully or maliciously. . . . The question before us, therefore, is whether the facts as alleged in the pleadings, viewed in the light most favorable to the plaintiff, are sufficient to survive a motion to dismiss on the ground of statutory immunity." (Citation omitted; internal quotation marks omitted.) *Martin* v. *Brady*, 261 Conn. 372, 376, 802 A.2d 814 (2002).

We thus turn to the matter of whether the plaintiff has alleged facts that, if proven, are sufficient to demonstrate that the defendant acted wantonly, recklessly, or maliciously. "In applying § 4-165, our Supreme Court has understood wanton, reckless or malicious to have the same meaning as it does in the common-law context. . . . Under the common law, [i]n order to establish that the defendants' conduct was wanton, reckless, wilful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts . . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Citation omitted; internal quotation marks omitted.) *Manifold* v. *Ragaglia*, 102 Conn. App. 315, 324, 926 A.2d 38 (2007).

The plaintiff bases his claim that the defendant acted wantonly, recklessly, and maliciously on his assertion in his appellate brief that the defendant knowingly made a "false report" to the department. That assertion, however, overstates the scope of the plaintiff's allegations. Although the plaintiff does allege that the defendant "falsely reported" him to the department, his complaint is devoid of any specific factual allegation that the defendant did so knowingly or with knowledge of facts

that would have revealed to him that his report was false. See *Matthiessen* v. *Vanech*, 266 Conn. 822, 832, 836 A.2d 394 (2003) ("[r]ecklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man" [internal quotation marks omitted]). Consequently, we have no basis on which to conclude that the defendant's conduct was not, for example, the result of justifiable ignorance, or that it amounted to "something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Internal quotation marks omitted.) *Manifold* v. *Ragaglia*, supra, 102 Conn. App. 324. The allegation that the defendant either knew, or recklessly disregarded that his report was false is, in the present case, essential to demonstrating the requisite "state of consciousness with reference to the consequences of one's acts"; (internal quotation marks omitted) id.; that must have existed for the defendant to have acted wantonly, recklessly, or maliciously.

The plaintiff nevertheless argues that we may infer that the defendant knew that his report was false at the time he made it from other allegations in his complaint. Specifically, he asserts that he "has alleged that the defendant conducted a two day investigation into the incident that occurred on March 10, 2010," and that this investigation should have revealed to him exculpatory information about the plaintiff's conduct within the time period that the defendant was required to make his report to the department.

This argument fails for two reasons. First, the defendant was mandated by statute to make his report "as soon as practicable but not later than twelve hours after the mandated reporter has reasonable cause to suspect or believe that a child has been abused or neglected or placed in imminent risk of serious harm . . . ." General Statutes § 17a-101b (a). Had he waited the two days necessary for the investigation to be completed, he would have violated § 17a-101b (a) and potentially subjected himself to criminal prosecution. See General Statutes § 17a-101a (b) ("[a]ny person required to report under the provisions of this section who fails to make such report or fails to make such report *within the time period prescribed in sections 17a-101b* to 17a-101d, inclusive, and section 17a-103 shall be guilty of a class A misdemeanor" [emphasis added]).

Second, the plaintiff's argument is not supported by what he has actually alleged in his complaint. The only reference in the plaintiff's complaint to an investigation occurs in paragraph 12, in which he alleges that "[t]he defendant reported the incident to [the department] on March 10, 2010, despite the fact that the investigation was not completed until on or about March 12, 2010."

This vague assertion, however, tells us nothing specific about the investigation, except that it was completed two days after the defendant reported the plaintiff to the department. Significantly, the plaintiff does not allege any facts supporting an inference that the defendant actually conducted the investigation prior to making the report, as the plaintiff asserts, or that the investigation produced any exculpatory information prior to the defendant making the report that could have benefited the plaintiff.

The plaintiff finally argues that in reaching the conclusion that he has not adequately pleaded wanton, reckless, or malicious conduct, the trial court failed both to consider his allegations in the light most favorable to him and to indulge every presumption favoring jurisdiction. He further contends that the court incorrectly assessed the merits of his claims by failing to give sufficient weight to various allegations in his complaint. We find neither of these contentions persuasive.

With respect to the plaintiff's first argument, we conclude, on the basis of our review of the court's memorandum of decision, that the court properly assumed all of the plaintiff's allegations to be true and indulged every presumption favoring jurisdiction. The fact that the court nevertheless concluded, as do we, that the plaintiff had failed to allege facts that, if proven, would overcome the immunity provided by § 4-165, does not establish that it failed to view his allegations in the proper light.

As to his remaining argument, namely, that the court failed to afford sufficient weight to some of his allegations, the plaintiff states incorrectly the standard applied to a motion to dismiss challenging a court's jurisdiction under § 4-165. In his main brief, he argues that "[t]he court chose to ignore the substance of the plaintiff's complaint, namely, that the defendant knowingly made a false report to [the department]. Instead, the court inferred from the complaint that the defendant did not know the exculpatory information when he made his report and concluded that the fact that the defendant is a mandated reporter outweighs the defendant's requirement to make an honest report."

The court's memorandum of decision reveals, however, that it did not *infer* that the defendant was unaware of any exculpatory information concerning the incident in the plaintiff's classroom. Rather, its decision manifestly turned on the plaintiff's failure to allege in his complaint that the defendant possessed that knowledge at the time that he made his report to the department. "[I]t is the burden of the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts [sufficient] to invoke judicial resolution of the dispute." (Internal quotation marks omitted.) *Litvack* v. *Artusio*, 137 Conn. App. 397, 402–403, 49 A.3d 762. The question before us, therefore, is "whether *the*

*facts as alleged in the pleadings*, viewed in the light most favorable to the plaintiff, are sufficient to survive a motion to dismiss on the ground of statutory immunity." (Emphasis added.) *Martin* v. *Brady*, supra, 261 Conn. 376.

The plaintiff further argues that "[t]he court also chose to give little weight to the plaintiff's allegations regarding the fact that a substitute teacher, not the plaintiff, was responsible for supervision. The plaintiff explicitly alleges that a substitute teacher accepted and assumed supervision of the classroom and that the student was injured during that time."

Here, however, the plaintiff conflates the existence of exculpatory information with the defendant's knowledge of that exculpatory information. Although the plaintiff did allege that another teacher supervised his classroom while he was in the bathroom, he made no allegation that the defendant was aware of that fact at the time that he made his report to the department. Thus, the court did not fail to give proper weight to the plaintiff's allegations; it simply determined that the mere allegation that exculpatory information existed was, by itself, not sufficient to establish wanton, reckless, or malicious conduct on the part of the defendant.

Accordingly, we conclude that the plaintiff has failed to allege facts from which we can infer that the defendant's conduct was indicative of such a state of mind or that the conduct rose to the level of egregiousness necessary to be considered wanton, reckless, or malicious. See *Martin* v. *Brady*, supra, 261 Conn. 380. The trial court therefore properly determined that the defendant was entitled to immunity under § 4-165.[3]

## II

The plaintiff next claims that the court was required to hold an evidentiary hearing to resolve various issues of fact before ruling on the defendant's motion to dismiss. Specifically, the plaintiff claims that an issue of fact exists as to whether the defendant acted wantonly, recklessly, and maliciously. We find this claim unpersuasive.

It is well established that "[i]n the absence of any disputed facts pertaining to jurisdiction, a court is not obligated to hold an evidentiary hearing before dismissing an action for lack of jurisdiction." (Internal quotation marks omitted.) *Weihing* v. *Dodsworth*, 100 Conn. App. 29, 39, 917 A.2d 53 (2007); accord *West Hartford* v. *Murtha Cullina, LLP*, 85 Conn. App. 15, 25, 857 A.2d 354, cert. denied, 272 Conn. 907, 863 A.2d 700 (2004); *Pinchbeck* v. *Dept. of Public Health*, 65 Conn. App. 201, 209, 782 A.2d 242, cert. denied, 258 Conn. 928, 783 A.2d 1029 (2001); see also *Weinstein & Wisser, P.C.* v. *Cornelius*, 151 Conn. App. 174, 182, 94 A.3d 700 (2014) ("the due process requirement of a hearing is required only when issues of facts are disputed" [internal quotation

marks omitted]).[4] In the present case, the defendant did not dispute any of the facts alleged in the plaintiff's complaint. Rather, he argued that those facts, even if assumed to be true, still failed to demonstrate that he engaged in conduct falling within either of the two immunity exceptions described in § 4-165.[5] Thus, ruling on the defendant's jurisdictional challenge did not depend on resolving any critical factual disputes, but instead turned solely on the sufficiency of the plaintiff's allegations.

The plaintiff argues, nonetheless, that an evidentiary hearing remains necessary because the question of jurisdiction is intertwined with the merits of his claims. See *Conboy* v. *State*, supra, 292 Conn. 653 ("if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits"). This principle assumes, however, that the party claiming jurisdiction has met his or her initial burden of alleging facts that, if true, would establish the court's jurisdiction. See *Litvack* v. *Artusio*, supra, 137 Conn. App. 402–403 ("[i]t is the burden of the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts [sufficient] to invoke judicial resolution of the dispute" [internal quotation marks omitted]). In the present case, a hearing on the merits would have been superfluous because the court had already assumed the plaintiff's allegations to be true and still concluded that they were insufficient to establish that the court had jurisdiction over the plaintiff's claims.

Accordingly, we conclude that because none of the jurisdictional facts alleged in the plaintiff's complaint were disputed by the defendant, the court correctly ruled on the defendant's motion to dismiss without holding an evidentiary hearing.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 17a-101e (b) provides: "Any person, institution or agency which, in good faith, makes, or in good faith does not make, the report pursuant to sections 17a-101a to 17a-101d, inclusive, and 17a-103 shall be immune from any liability, civil or criminal, which might otherwise be incurred or imposed and shall have the same immunity with respect to any judicial proceeding which results from such report provided such person did not perpetrate or cause such abuse or neglect."

[2] Overall, the plaintiff raises four claims on appeal. Specifically, he claims that the trial court (1) improperly concluded that the defendant was entitled to statutory immunity pursuant to § 4-165; (2) improperly concluded that the defendant was entitled to statutory immunity pursuant to § 17a-101e (b); (3) applied an incorrect standard in deciding the defendant's motion to dismiss; and (4) improperly decided the defendant's motion to dismiss without conducting an evidentiary hearing.

Our analysis of the plaintiff's first claim is necessarily intertwined with our analysis of his third claim. We therefore address both of them concurrently in part I of this opinion. Because we conclude that the court properly determined that § 4-165 barred the plaintiff's claims, we need not reach the plaintiff's second claim that the defendant was not entitled to immunity under § 17a-101e (b), or the alternative ground for affirmance raised by the defendant that the action is barred by sovereign immunity. The plaintiff's fourth claim is discussed in part II of this opinion.

[3] The plaintiff also claims that the defendant is not entitled to statutory immunity pursuant to § 4-165 because he acted outside the scope of his employment when he reported the plaintiff to the department. In his brief, the plaintiff argues that the defendant acted outside the scope of his employment solely on the basis that his conduct was wanton, reckless, or malicious. In our view, however, the inquiry regarding whether a state employee was acting outside the scope of his or her employment is not necessarily always coterminous with an inquiry regarding whether the employee's conduct was wanton, reckless, or malicious. Accordingly, we conclude that this claim has not been adequately briefed. See *Jalbert* v. *Mulligan*, 153 Conn. App. 124, 133, 101 A.3d 279 (2014) ("[w]e consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly" [internal quotation marks omitted]).

Even if the claim had been adequately briefed, we must conclude that it is meritless as a matter of law. The defendant's act of reporting the plaintiff to the department fell squarely within the scope of his employment duties because he, as a school administrator, was mandated by statute to promptly report any suspected cases of physical neglect. See General Statutes §§ 17a-101 through 17a-101d. To the extent the plaintiff argues that the defendant was not acting within the scope of his employment because he *knowingly* made a *false* report, we conclude that no such allegation appears in the plaintiff's complaint. See part I of this opinion.

[4] We note that although he was not entitled to an evidentiary hearing under the circumstances of this case, the plaintiff was entitled to present oral argument in objection to the defendant's motion to dismiss, which he did on October 1, 2012.

[5] We find it significant that in responding to the defendant's argument, the plaintiff made no attempt to identify any disputed jurisdictional facts, nor did he explicitly request an evidentiary hearing. Instead, he focused his argument on his contention that the allegations in his complaint were sufficient to demonstrate that the defendant had engaged in conduct that was not protected by § 4-165. This procedural history suggests that both parties recognized that the issue of subject matter jurisdiction turned on the sufficiency of the plaintiff's allegations, rather than on the resolution of disputed jurisdictional facts.