KAHN, J.
**449 The sole question presented in this appeal is whether the trust beneficiaries are the proper parties to bring an action against third parties on behalf of the trust. The plaintiffs-Ann Browning, Richard Browning, Lance Browning, Karen Guinta, and Jill Milligan-are beneficiaries of a trust, and appeal[1] from the judgment of the trial court dismissing their breach of contract claim against the defendants Dougherty & Company, LLC (Dougherty), the financial advisor for the trust, and Thomas Olander, an employee of Dougherty.[2] Although the parties agree that the *1126 general rule is that beneficiaries of a trust lack standing to bring an action against a third party for liability to the trust, they disagree that the general rule applies under the facts of the present case. See 4 **450 Restatement (Third), Trusts, § 107, p. 102 (2012).[3] Specifically, the plaintiffs claim that they fit within an exception that allows beneficiaries to bring an action against third parties if the trustee improperly refuses or neglects to do so.[4] The defendants respond that the plaintiffs do not fit within the exception to the general rule because they failed to demand that the current trustee bring an action and they did not allege in their complaint that the current trustee improperly neglected to sue the defendants. The defendants further argue that, because standing implicates subject matter jurisdiction, they properly raised the issue by way of a motion to dismiss. We conclude that the trial court properly determined that it lacked subject matter jurisdiction over the claim and, therefore, that the trial court properly granted the motion to dismiss. Accordingly, we affirm the judgment of the trial court.[5] **451 *1127 The allegations of the complaint, together with undisputed facts as evidenced in the record, establish the following factual and procedural background relevant to our resolution of this appeal. See, e.g., Cuozzo v. Orange , 315 Conn. 606, 615, 109 A.3d 903 (2015) (in reviewing trial court decision on motion to dismiss, reviewing court may consider facts as established by " 'the complaint supplemented by undisputed facts evidenced in the record' "). On June 23, 1993, Byram D. Browning (Byram) established a revocable, inter vivos trust for the benefit of his children, the five plaintiffs and their sister Victoria Peters. The trust corpus consisted of thirteen separate investment bonds and securities.
When Byram died in May, 2006, the trust corpus was valued at $836,000, and Peters became the successor trustee.[6] A secrecy clause in the trust prevented Peters from disclosing the percentage of the assets left to each of her siblings for five years, and from distributing any funds from the trust to the plaintiffs and herself until five years after Byram's death. Between 2006 and 2010, Peters drained hundreds of thousands of dollars from **452 the trust for her personal use. In 2008, unable to obtain any information from Peters about the state of the trust, at least one of the plaintiffs filed a petition requesting that the Probate Court for the district of Darien-New Canaan order Peters to produce an accounting and disclose the terms of the trust.
By June, 2010, when Peters had yet to provide any information regarding the trust, the Probate Court ordered her to produce an accounting, which revealed that the trust funds had become inseparably commingled with Peters' personal accounts and that the trust suffered from improper recordkeeping. Consequently, the Probate Court determined that Peters breached various fiduciary duties owed to the plaintiffs and ordered her to pay $182,553.48 in accounting and legal fees. The Probate Court accepted Peters' resignation as trustee[7] and appointed Van Brunt, DuBiago & Co., LLC (Van Brunt), an accounting firm, as the successor trustee.[8] The plaintiffs contend that at the time Van Brunt assumed its role as successor trustee, less than $70,000 remained in the trust, and, consequently, Nicholas DuBiago, the managing partner of Van Brunt, informed the parties that "it would be too costly [given the funds remaining in the trust] to reconstruct a complete and comprehensive accounting ...." See footnote 2 of this opinion.
The plaintiffs thereafter brought the present action, claiming breach of contract by the defendants. The complaint may be read to suggest that the defendants' contractual duty arose from the fact that, pursuant to the deed of trust signed by Byram, the assets of the trust **453 were held in an investment account under the defendants' full possession and control. One provision in the deed of trust precluded the trustee from liquidating the assets of the trust and required all income, after taxes and expenses, to be reinvested. The plaintiffs claimed that the defendants breached the contractual duties that were allegedly *1128 created by the deed of trust by allowing Peters "to withdraw exorbitant amounts of money" from the trust. They did not allege that Van Brunt improperly refused to bring an action on behalf of the trust or that they had requested that it do so. Nor did the complaint allege that Van Brunt improperly neglected to bring an action on behalf of the trust. Rather, the plaintiffs' breach of contract claim against the defendants focused primarily on the defendants' failure to prevent Peters from violating her obligations under the deed of trust, and its only reference to Van Brunt was that its managing partner, DuBiago, had "determined that distributions from" the trust were "wrongfully withdrawn" by Peters.
The defendants moved to dismiss count three of the complaint for lack of subject matter jurisdiction. They argued that the plaintiffs lacked standing to bring their claim under Connecticut law, which provides that the trustee is the appropriate party to bring an action against third parties for liability to the trust. The plaintiffs filed a memorandum in opposition to the defendants' motion to dismiss, contending that their claim fell within the exception that allows beneficiaries to bring an action against a third party after the trustee improperly refuses or neglects to bring the action on behalf of the trust. In their reply, the defendants responded that the plaintiffs failed to qualify for the exception because they never alleged that their current trustee, Van Brunt, improperly refused or neglected to pursue a claim against the defendants.
**454 Following argument at short calendar on the defendants' motion, the trial court dismissed the plaintiffs' breach of contract claim against the defendants, holding that, as beneficiaries, the plaintiffs lacked standing to maintain a breach of contract action against third parties for liability to the trust. The trial court reasoned that the plaintiffs "have not alleged that they first asked [Van Brunt] ... to bring an action, and [Van Brunt] refused. They have offered no evidence to suggest that [Van Brunt] was somehow implicated in the alleged wrongdoing of ... Peters ... or otherwise acted imprudently so as to give them standing as beneficiaries to pursue their claims directly." Accordingly, the trial court rendered judgment for the defendants. This appeal followed.
Because the issue in this appeal presents a question of law, we apply de novo review. See, e.g., Cuozzo v. Orange , supra, 315 Conn. at 614, 109 A.3d 903. Because the answer to the question of whether trust beneficiaries are prohibited from bringing an action against third parties on behalf of the trust determines whether the court's subject matter jurisdiction is implicated, we begin our discussion by addressing it. We conclude that the prohibition is based on a lack of standing.
We find it helpful to review the general principles governing standing to sue. The question of whether a party has standing to bring an action implicates the court's subject matter jurisdiction. Arciniega v. Feliciano , 329 Conn. 293, 300, 184 A.3d 1202 (2018). "[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction ...." (Internal quotation marks omitted.) Reinke v. Sing , 328 Conn. 376, 382, 179 A.3d 769 (2018). Accordingly, "even if a challenge has not been raised to a party's standing, the court is obliged to consider it once it has come to the court's attention." Arciniega v. Feliciano , supra, at 300, 184 A.3d 1202 ;
**455 see also Fairfield Merrittview Ltd. Partnership v. Norwalk , 320 Conn. 535, 548, 133 A.3d 140 (2016).
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the *1129 court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy.... When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue .... Standing requires no more than a colorable claim of injury; a [party] ordinarily establishes ... standing by allegations of injury [that he or she has suffered or is likely to suffer]. Similarly, standing exists to attempt to vindicate arguably protected interests....
"Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved.... The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the subject matter of the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action].... Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest ... has been adversely affected." (Internal quotation marks omitted.) Wilcox v. Webster Ins., Inc. , 294 Conn. 206, 214-15, 982 A.2d 1053 (2009).
With these principles in mind, we turn to the text of § 107 (1) of the Restatement (Third) of Trusts, which **456 provides: "A trustee may maintain a proceeding against a third party on behalf of the trust and its beneficiaries." Comment (b) to this subsection explains that it sets forth the general rule: "As holder of the title to trust property ... and as the representative of the trust and its beneficiaries, the trustee is normally the appropriate person to bring (and to decide whether to bring) an action against a third party on behalf of the trust. Except as provided in [s]ubsection (2), a beneficiary has no standing to sue a third party on behalf of the trust." 4 Restatement (Third), supra, § 107, comment (b), p. 103.
The principle that the trustee, rather than the beneficiaries, is the proper party to sue third parties on behalf of the trust is rooted in the nature of the trustee's interest in the trust res. See id. A right to sue predicated on the nature of one's ownership interest in property is one that is paradigmatically rooted in standing. See, e.g., Wilcox v. Webster Ins., Inc. , supra, 294 Conn. at 214, 982 A.2d 1053 (in order to have standing, party must have " 'a legal or equitable right, title or interest in the subject matter of the controversy' "). The trustee holds legal title to the trust property, and his standing to sue arises from that legal title. See Palmer v. Hartford National Bank & Trust Co. , 160 Conn. 415, 425, 279 A.2d 726 (1971) (relying on trustees' legal title to trust fund in concluding that beneficiaries were not necessary parties to action); see also Naier v. Beckenstein , 131 Conn. App. 638, 646-47, 27 A.3d 104 (interpreting prohibition in § 281 of Restatement [Second] of Trusts to impose, as general rule, jurisdictional bar against beneficiary actions against third parties on basis that beneficiaries lack standing), cert. denied, 303 Conn. 910, 32 A.3d 963 (2011). In addition to having legal title to the trust property, the trustee "usually has its possession and a right to continue in possession, and almost always has all the powers of management and control which are necessary to make the trust property productive and safe.
**457 Any *1130 wrongful interference with these interests of the normal trustee is therefore a wrong to the trustee and gives him a cause of action for redress or to prevent a continuance of the improper conduct. Although the beneficiary is adversely affected by such acts of a third person, no cause of action inures to him on that account." G. Bogert & G. Bogert, Trusts and Trustees (2d Ed. Rev. 1995) § 869, pp. 112-13.
Because the question of whether the plaintiffs, as beneficiaries, have standing to bring the present action implicates the court's subject matter jurisdiction, the proper vehicle to challenge the action is a motion to dismiss. " Practice Book § 10-30 (a) (1) provides in relevant part: 'A motion to dismiss shall be used to assert ... lack of jurisdiction over the subject matter ....' " Machado v. Taylor , 326 Conn. 396, 399 n.2, 163 A.3d 558 (2017). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) Cuozzo v. Orange , supra, 315 Conn. at 614, 109 A.3d 903. Therefore, "[a] motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Kizis v. Morse Diesel International, Inc. , 260 Conn. 46, 51, 794 A.2d 498 (2002). By contrast, "[o]rdinarily, a motion to strike is the proper procedural vehicle for challenging the legal sufficiency of a complaint." Connecticut Energy Marketers Assn. v. Dept. of Energy & Environmental Protection , 324 Conn. 362, 370 n.11, 152 A.3d 509 (2016).
We now turn to the primary issue presented in this appeal, namely, whether the trial court properly granted the motion to dismiss. "When a ... court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint **458 in their most favorable light.... In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader.... The motion to dismiss ... admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Cuozzo v. Orange , supra, 315 Conn. at 614, 109 A.3d 903.
The plaintiffs contend that they fall under an exception to the general rule that beneficiaries lack standing to bring an action against third parties on behalf of the trust. Specifically, the plaintiffs argue that they meet the exception set forth in § 107 (2) (b) of the Restatement (Third) of Trusts, which provides in relevant part: "A beneficiary may maintain a proceeding related to the trust or its property against a third party ... if ... the trustee is ... improperly failing to protect the beneficiary's interest." The comments to § 107 (2) (b) explain that, in order to demonstrate that they fall under this exception, beneficiaries must demonstrate that the trustee either is improperly refusing or improperly neglecting to bring an action on behalf of the trust. 4 Restatement (Third), supra, § 107, comment (c) (2), pp. 103-104.
In their complaint, the plaintiffs have not alleged that Van Brunt either improperly refused or improperly neglected to bring an action against the defendants. We discuss improper refusal and improper neglect in turn. As to improper refusal, this court has held that, in order to invoke the exception on this basis, a beneficiary must first demand that the trustee bring an action against a third party and be refused by the trustee. See *1131 Preston v. Preston , 102 Conn. 96, 123, 128 A. 292 (1925) ("[i]t has generally been held that a beneficiary cannot sue the parties at law for any harm done [to] his trust estate without first asking his trustee to bring a proper action **459 and receiving a refusal"). The plaintiffs have not alleged in their complaint that they asked Van Brunt to bring an action against the defendants and it refused. At oral argument before this court, counsel for the plaintiffs clearly conceded that they did not ask Van Brunt to bring an action against the defendants.[9] In light of that concession, the plaintiffs cannot claim that they fall under the exception to the general rule barring them from suing third parties on behalf of the trust on the basis that Van Brunt improperly refused to sue the defendants.
The plaintiffs also failed to allege that Van Brunt improperly neglected to bring an action. In reviewing the allegations of the complaint to determine whether the trial court properly granted the motion to dismiss, we are mindful that, although "[i]t is well established that, in determining whether a court has subject matter **460 jurisdiction, every presumption favoring jurisdiction should be indulged"; (internal quotation marks omitted) Financial Consulting, LLC v. Commissioner of Ins. , 315 Conn. 196, 226, 105 A.3d 210 (2014) ; it is also "well settled that [i]t is the burden of the party who seeks the exercise of jurisdiction in his favor ... clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." (Internal quotation marks omitted.) Id.
The complaint in the present case does not expressly allege that Van Brunt improperly neglected to bring an action against the defendants. In determining whether the claim survives the motion to dismiss, however, we also consider facts necessarily implied from the allegations. See Cuozzo v. Orange , supra, 315 Conn. at 614, 109 A.3d 903. Our careful review of the entire complaint persuades us that the allegations therein do not necessarily imply factual allegations that Van Brunt improperly neglected to bring an action against the defendants. The plaintiffs rely on the facts alleged in count one of the complaint to argue that count three of the complaint alleged that Van Brunt had knowledge that was sufficient to lead a prudent fiduciary to bring an action against the defendants and that Van Brunt *1132 failed to do so.[10] Those facts are not sufficient, however, to give rise to an implication that Van Brunt improperly failed to sue the defendants. Specifically, the first count alleges that Van Brunt knew that Peters' had breached her fiduciary duty to the plaintiffs by repeatedly withdrawing trust funds and commingling the trust assets with her personal funds until only $70,000 remained in the trust account. The plaintiffs' brief suggests that, because the complaint alleges that Van Brunt knew that Peters had stolen money from the **461 trust and had taken the money for her personal use, Van Brunt, as trustee, could have sued the defendants on the basis that they breached their alleged contractual obligations to the plaintiffs by (1) failing to require Peters to follow the terms of the deed of trust and reinvest the income, after taxes and expenses, generated by the trust, (2) allowing Peters to continuously withdraw the investments from the trust despite the deed of trust's provisions and the defendants' knowledge that the plaintiffs' financial interests were being jeopardized, and (3) failing to notify the beneficiaries of Peters' unauthorized actions of withdrawing from the investments in violation of the deed of trust.
Although the plaintiffs' allegations, if proven, demonstrate that they suffered harm due to Peters' actions and that the defendants did not take action to prevent the harm, they fall short of demonstrating that Van Brunt improperly failed to sue the defendants for their alleged breach.[11] Nor does the complaint allege that the defendants had any authority to require Peters to reinvest income generated by the trust, to prevent Peters from withdrawing the funds or to inform the plaintiffs of the withdrawals-or that Van Brunt had any knowledge of the defendants' authority to under-take such actions. Additionally, the plaintiffs allege that DuBiago determined that there were insufficient funds in the trust to order a comprehensive accounting, calling into question the wisdom of expending trust funds to obtain the accounting as a basis to sue third parties. As comment (c) (2) to § 107 (2) (b) of the Restatement (Third) of Trusts emphasizes, not only is the trustee generally the proper party to bring an action on behalf of the trust against third parties, the trustee is also the proper person to decide "whether to bring" such an **462 action. Because the allegations in the complaint are not sufficient to establish that Van Brunt improperly failed to bring an action against the defendants, the allegations are insufficient to demonstrate that the plaintiffs had standing to sue, and the trial court properly granted the motion to dismiss.[12]
The judgment is affirmed.
In this opinion the other justices concurred.

The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

The three count complaint also contained counts brought against two additional defendants: Nicholas DuBiago, and the current trustee, Van Brunt, DuBiago & Co., LLC (Van Brunt), an accounting firm at which DuBiago was managing partner. As to both DuBiago and Van Brunt, count one of the complaint alleged breach of fiduciary duty and count two alleged negligence. Neither of these two counts was subject to the motion to dismiss and neither DuBiago nor Van Brunt was named in the breach of contract claim in count three. For that reason, all subsequent references to the defendants in this opinion are to Dougherty and Olander.

We observe that, in its memorandum of decision, the trial court relied on §§ 281 and 282 of the Restatement (Second) of Trusts. Those two sections deal separately with actions at law by beneficiaries (§ 281) and suits in equity by beneficiaries (§ 282). See 2 Restatement (Second), Trusts §§ 281 and 282, pp. 42, 44 (1959). Section 107 of the Restatement (Third) of Trusts, which addresses beneficiary standing in any action against a third party, reflects the merger of actions at law and suits in equity and is therefore more consistent with contemporary procedures. We further observe that neither of the parties to the appeal contends that a different rule should apply to equitable, as opposed to legal, claims brought by beneficiaries. Accordingly, in this opinion, we rely on § 107 of the Restatement (Third) of Trusts.

The plaintiffs also raise the additional claim that, because the primary dispute between the parties centers on whether the allegations of the complaint are sufficient to demonstrate that the plaintiffs have standing to sue, the defendants should have challenged the action through a motion to strike, not a motion to dismiss. The defendants assert that this claim is not preserved because it was not raised at the trial court. In light of our conclusion that the trial court properly concluded that it lacked subject matter jurisdiction, we need not resolve the question of whether the plaintiffs' additional claim was preserved.

Following oral argument, this court ordered the parties to submit supplemental briefs addressing the following three questions: (1) "Are beneficiaries generally prohibited from filing actions against third parties because they lack standing to do so; see [4 Restatement (Third), supra, § 107, comment (b), p. 103]; or because they lack the authority to do so ... ?" (2) "In the present case, are the plaintiffs aggrieved even if we conclude that the plaintiffs failed to allege that the current trustee improperly refused or neglected to bring an action against the third-party defendants ... and therefore did not adequately allege that they fit within an exception to the general prohibition against trust beneficiaries bringing actions against third parties ... ?" And (3) "In light of the first two questions, if we conclude that the plaintiffs did not adequately allege that they fit within an exception to the general prohibition against trust beneficiaries bringing actions against third parties, would the proper vehicle to dispose of the claim have been a motion to dismiss, or a motion to strike, and if a proper vehicle had been a motion to strike is there a valid claim of harmless error ... ?"
In their supplemental briefs, the parties agree that the threshold question before us relates to the plaintiffs' standing. As we explain in this opinion, the plaintiffs lack standing to bring the present action against the defendants. In light of that conclusion, as well as our conclusion that a motion to dismiss properly may be used to challenge a complaint that fails to sufficiently allege jurisdictional facts, we need not address the second and third questions.

When he established the trust, Byram designated himself as trustor, trustee and settlor.

William Peters briefly succeeded Victoria Peters as trustee but was removed by the Probate Court.

We note that the parties and the trial court refer to Nicholas DuBiago as the successor trustee, but DuBiago accepted the appointment as trustee on behalf of Van Brunt, the accounting firm at which he was the managing partner.

The plaintiffs rely on comment (e) to § 282 of the Restatement (Second) of Trusts to argue that they were not required to demand that Van Brunt bring an action on their behalf. That comment provides in relevant part that, "[i]f the trustee does not commit a breach of trust in failing to bring an action against the third person, as for example where it is prudent under the circumstances to refrain from bringing an action ... the beneficiary cannot maintain a suit against the trustee and the third person." 2 Restatement (Second), Trusts § 282, comment (e), p. 46 (1959). Specifically, the plaintiffs assert that the comment bars an action against a third person by beneficiaries only when the "trustee does not commit a breach of trust" and that they did allege a breach by claiming that Van Brunt had knowledge sufficient to lead a prudent fiduciary to bring an action against the defendants and that it failed to do so-in other words, the plaintiffs contend that the complaint alleges facts sufficient to suggest that Van Brunt improperly neglected to sue the defendants. As a result, they claim that no demand on the trustee was necessary.
Although the plaintiffs are correct that a beneficiary may meet the exception by alleging either that the trustee improperly refused their request to bring an action against third parties or by alleging that the trustee improperly neglected to sue, they have not met either of those burdens. As we explain in this opinion, the plaintiffs conceded that they made no demand, and the complaint neither alleges that the trustee improperly neglected to sue nor alleges facts that would necessarily imply that the trustee improperly neglected to sue.

Although the plaintiffs failed to incorporate into the third count the vast majority of the facts set forth in the first count, we read the complaint broadly and assume for purposes of our analysis that count three incorporated the facts alleged in count one.

We observe that, even if the deed of trust gave rise to contractual obligations on the part of the defendants, the plaintiffs do not allege in the complaint that the defendants were parties to the deed of trust.

We emphasize that our conclusion is grounded on the failure of the complaint either to expressly allege that Van Brunt improperly neglected to sue the defendants on behalf of the trust or to allege facts that necessarily imply that it improperly neglected to do so. The plaintiffs contend that the trial court improperly failed to conduct an evidentiary hearing on the motion to dismiss to resolve whether "[Van Brunt] [committed] a breach of trust" by failing to sue the defendants. This claim lacks merit for several reasons. First, the plaintiffs did not request an evidentiary hearing at oral argument before the trial court on the defendants' motion to dismiss, and the record does not reflect that they submitted any affidavits in opposition to the motion to dismiss. Second, as we have explained in this opinion, the defect lies in the allegations themselves. We need not address the question of whether the plaintiffs would be able to establish standing if they were allowed to present evidence because they have failed to sustain their burden of alleging-in the complaint-facts sufficient to demonstrate standing. A party may not file a pleading that fails to set forth the allegations necessary to demonstrate standing and then seek-only at the appellate level-to have the opportunity to present evidence on the issue of standing. The plaintiffs' failure lies in defective pleading, not in a factual dispute.