******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AUBRI E. MARTINELLI ET AL. *v.*
MARTIN P. MARTINELLI ET AL.
(AC 46208)

Bright, C. J., and Moll and Suarez, Js.

*Syllabus*

The plaintiffs, the sole beneficiaries of the decedent's estate, appealed from
the judgment of the trial court granting the motions to dismiss filed by
the defendants, M and R Co. M, as executor of the decedent's estate,
retained R Co., a law firm, to represent him as executor and to provide
legal assistance with the administration of the estate. The plaintiffs
brought an action against M for breach of fiduciary duty, alleging that
M misled them as to the value of the estate's business interests and
forced them to agree to a sale of those interests. R Co. represented M
in the action, and, at the conclusion of the plaintiffs' case-in-chief at
trial, the court rendered a judgment of dismissal pursuant to the rule
of practice (§ 15-8) for failure to make out a prima facie case. Thereafter,
the Probate Court removed M as executor of the estate and appointed
S, a third-party attorney, as the administratrix of the estate. The plaintiffs
subsequently brought the underlying action in the present case, alleging
that M, without permission of the court or notice to the plaintiffs,
advanced himself more than $265,000 from the estate to pay R Co. to
defend him in the first action, that M's use of estate assets for his own
personal legal fees constituted, inter alia, a breach of the fiduciary duty
he owed to the plaintiffs as beneficiaries of the estate, and that R Co.
committed legal malpractice by breaching the duty of loyalty and fidelity
it owed to the plaintiffs as beneficiaries of the estate when it assisted
M in converting estate assets. After the defendants filed separate motions
to dismiss for lack of subject matter jurisdiction, the plaintiffs sought
leave to file an amended complaint pursuant to the rule of practice
(§ 10-60). The court declined to consider the plaintiffs' request for leave
to amend their complaint and granted the defendants' motions to dis-
miss, finding that the plaintiffs lacked standing to assert their claims.
*Held*:

1. The trial court correctly concluded that it lacked subject matter jurisdic-
tion and properly dismissed the plaintiffs' complaint; because it was
clear from the allegations in the operative complaint that the plaintiffs
were seeking to recover for injuries to the estate and not for any direct
injury to the plaintiffs, the only basis for them to recover would have
been for them to allege that S, as the administratrix of the estate,
improperly refused to pursue the claims against the defendants, and the
absence of allegations in the plaintiffs' operative complaint that S had
committed some type of fraud or bad act against the estate or that she

could not or improperly refused to bring an action against the defendants on behalf of the estate was fatal to the plaintiffs' claim of standing.

2. The plaintiffs could not prevail on their claim that the trial court improperly declined to consider their request for leave to amend their complaint to include specific allegations related to S: as soon as the jurisdiction of the court was called into question by the defendants' motions to dismiss, the court was required to make a determination regarding its jurisdiction prior to all other action in the case, and, pursuant to *Gurliacci* v. *Mayer* (218 Conn. 531), the court properly considered the motions to dismiss on the basis of the operative complaint and not the plaintiffs' proposed amended complaint; moreover, even if this court concluded that the trial court should have permitted the plaintiffs to amend their complaint, the result would have been the same, as the proposed amended complaint failed to allege that S improperly refused or neglected to bring claims against the defendants, that she acted fraudulently or in bad faith, or that she was grossly negligent.

Argued March 7—officially released July 9, 2024

*Procedural History*

Action to recover damages for, inter alia, breach of fiduciary duty, and for other relief, brought to the Superior Court in the judicial district of New Britain, where the court, *Knox, J.*, granted the defendants' motions to dismiss and rendered judgment thereon, from which the plaintiffs appealed to this court. *Affirmed.*

*Kenneth A. Votre*, for the appellants (plaintiffs).

*Robert B. Flynn*, for the appellee (named defendant).

*Herbert J. Shepardson*, for the appellee (defendant Reid & Riege, P.C.).

*Opinion*

BRIGHT, C. J. In the latest chapter in this family dispute arising out of the administration of the estate of Kevin P. Martinelli (Kevin), the plaintiffs, Aubri E. Martinelli, Zachary Martinelli, and Linzy Martinelli, who are Kevin's children, appeal from the judgment of the trial court granting the motions to dismiss filed by the defendants, Martin P. Martinelli (Martin), who is Kevin's brother and was the first executor of Kevin's estate,

and Reid & Riege, P.C. (Reid & Riege), the law firm that represented Martin in the administration of Kevin's estate. The court concluded that the plaintiffs lacked standing to assert their claims of breach of fiduciary duty, common-law conversion, and statutory theft against Martin and their legal malpractice claim against Reid & Riege.[1] On appeal, the plaintiffs claim that the trial court improperly (1) concluded that they lacked standing to assert their claims against the defendants, and (2) denied their request to amend their complaint. We are unpersuaded by either claim and, therefore, affirm the judgment of the trial court.

The following facts, either as alleged in the plaintiffs' complaint or undisputed in the record, and procedural history are relevant to our analysis. Kevin died testate on June 19, 2015. The plaintiffs are the sole named beneficiaries of Kevin's estate. In August, 2015, Martin was appointed by the Bristol-Plymouth Probate Court to act as the executor of Kevin's estate. Martin, in turn, retained Reid & Riege to represent him as executor and to provide legal assistance with the administration of the estate. Kevin, Martin, and their brother, Keith Martinelli (Keith), had joint business interests. As aptly described by the trial court in its January 13, 2023 memorandum of decision, "[a]t the time of [Kevin's] death, each brother owned a percentage of the common stock in Tri-Mar Manufacturing Company, Inc. (Tri-Mar); Kevin had a 49.82 percent ownership [interest]; Martin had a 0.36 percent ownership interest; and Keith had a 49.82 percent ownership interest. In addition, Kevin,

---

[1] The court also dismissed the counts in the plaintiffs' complaint in which the plaintiffs alleged that Reid & Riege violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., and that the defendants engaged in a civil conspiracy. In their reply brief to this court, the plaintiffs expressly abandoned any claim related to the trial court's dismissal of their CUTPA claim, and, at oral argument before this court, they abandoned any claim related to the trial court's dismissal of their conspiracy claim against both defendants.

at the time of his death, owned a 50 percent partnership interest in MKK Company (MKK) and Keith owned the remaining 50 percent partnership interest" in MKK. As executor of Kevin's estate, Martin purported to sell the estate's interest in Tri-Mar and MKK to Keith for $600,000. As recounted in their complaint in the present case, because "Martin misled them as to the value of Kevin's interests in Tri-Mar and MKK as being far lower than they believed and [because] Martin forced them to agree to the sale," the plaintiffs sued Martin for breaching the fiduciary duties he owed them. See *Martinelli* v. *Martinelli*, Superior Court, judicial district of New Britain, Docket No. CV-17-6038834-S (first action). In particular, the plaintiffs alleged in the first action that Martin breached fiduciary duties owed to them that were "separate and independent of any duties" he owed to Kevin's estate.

Martin retained Reid & Riege to represent him in the first action. After extensive pleading and motion practice, the first action proceeded to trial before the court, *Aurigemma, J.*, on April 27, 2022. At the conclusion of the plaintiffs' case-in-chief, the court rendered a judgment of dismissal "pursuant to Practice Book § 15-8, for failure to make out a prima facie case." The plaintiffs appealed from the judgment in the first action. On June 29, 2022, however, this court dismissed the appeal due to the plaintiffs' failure to file the preliminary appellate papers required by Practice Book § 63-4 (a).[2]

In their complaint in the present action, dated March 10, 2022, the plaintiffs allege that Martin, without permission of the court or notice to the plaintiffs, advanced

[2] This court's dismissal order was in response to Martin's June 1, 2022 motion to dismiss the appeal due to the plaintiffs' failure to comply with Practice Book § 63-4 (a). In the intervening four weeks between when that motion was filed and when this court dismissed the appeal, the plaintiffs filed neither an opposition to the motion nor the required preliminary papers. After the appeal was dismissed, this court granted Martin's motion for sanctions, which was filed with his motion to dismiss, and ordered counsel

himself more than $265,000 from the estate to pay Reid & Riege to defend him in the first action. They further allege that, during 2019, Martin filed with the Probate Court an interim accounting requesting $94,000 from Kevin's estate to cover Martin's personal legal fees. The plaintiffs claim in their complaint that Martin's use of assets of the estate for his own personal legal fees constituted a breach of the fiduciary duty he owed to the plaintiffs as the beneficiaries of Kevin's estate, common-law conversion, and statutory theft in violation of General Statutes § 52-564.[3] They further allege that Reid & Riege assisted Martin in converting assets of Kevin's estate and, in doing so, committed legal malpractice by breaching the duty of loyalty and fidelity it owed to the plaintiffs as beneficiaries of the estate. On December 30, 2021, the Probate Court removed Martin as the executor of Kevin's estate and appointed Attorney Rachel Kittredge Shipman as the administratrix of the estate.

In May, 2022, the defendants filed separate motions to dismiss for lack of subject matter jurisdiction. Martin claimed that the plaintiffs lacked standing to assert their claims against him and that their claims were not ripe for review. In particular, he argued that any claims arising out of his use of estate assets to pay the fees he incurred in defending the first action belonged to Attorney Shipman as the administratrix of Kevin's estate and not to the plaintiffs as beneficiaries of the estate. Martin further argued that the plaintiffs' claims were not ripe because the "plaintiffs' alleged injury to the estate has not yet occurred," as the Probate Court had not ruled on Martin's requests for disbursements

for the plaintiffs to pay attorney's fees in the amount of $4883 to Reid & Riege for fees Martin incurred in defending the appeal.

[3] In their complaint, the plaintiffs cited General Statutes § 52-56 in support of their statutory theft claim. Because that statute is inapplicable to the present action, we presume that the plaintiffs intended to cite § 52-564, which sets forth the remedy of treble damages for statutory theft.

to pay his personal legal fees, which fees the plaintiffs allege "the Probate Court expressly recognized . . . could well be not reimbursable."

Reid & Riege argued that the plaintiffs lacked standing, that their claims were not ripe for review, and that the conduct giving rise to the plaintiffs' claims is protected by the litigation privilege. With respect to standing, Reid & Riege argued that the plaintiffs do not have standing to recover damages on behalf of Kevin's estate and that they cannot recover damages individually because they were neither clients of the law firm nor third-party beneficiaries of the services provided to Martin.[4]

The plaintiffs filed a written opposition to Martin's motion to dismiss. In response to Martin's argument that they lack standing, the plaintiffs relied on § 107 (2) (b) of the Restatement (Third) of Trusts, which provides an exception to the general rule that trust beneficiaries lack standing to bring an action on behalf of the trust "only if . . . the trustee is unable, unavailable, unsuitable, or improperly failing to protect the beneficiary's interest." 4 Restatement (Third), Trusts § 107, p. 102 (2012).[5] The plaintiffs argued that, as beneficiaries of Kevin's estate, they had standing to bring an action directly against Martin because the current administratrix, Attorney Shipman, was "unable, unavailable, unsuitable, or improperly failing to protect" their interests. With respect to ripeness, the plaintiffs argued that their claims are ripe because "[t]he

[4] In support of its motion, Reid & Riege submitted the affidavit of one of its attorneys, Mary Miller, who was involved in the representation of Martin in the first action.

[5] "(1) A trustee may maintain a proceeding against a third party on behalf of the trust and its beneficiaries. (2) A beneficiary may maintain a proceeding related to the trust or its property against a third party only if: (a) the beneficiary is in possession, or entitled to immediate distribution, of the trust property involved; or (b) the trustee is unable, unavailable, unsuitable, or improperly failing to protect the beneficiary's interest." 4 Restatement (Third), supra, § 107.

acts complained of by the [plaintiffs] are complete. The defendants received the funds [that] were removed from Kevin's estate. The invoices were fully paid." The plaintiffs did not file a written opposition to Reid & Riege's motion.

On June 24, 2022, however, the plaintiffs sought leave of the court to file an amended complaint pursuant to Practice Book § 10-60 to address the defendants' arguments in their motions to dismiss that the plaintiffs lacked standing. The plaintiffs stated in their request: "The defendants allege a lack of standing based on the plaintiffs' failure to plead that the administratrix refused to pursue a claim against them. Beneficiaries to a trust can have standing to pursue a claim against a third party who injured the trust only if the trustee improperly failed to sue the third party. *Browning* v. *Van Brunt, DuBiago & Co., LLC*, 330 Conn. 447, 460, 195 A.3d 1123 (2018). The amended complaint properly alleges that the current administratrix . . . has refused or neglected to sue the defendants named in this action." The defendants objected to the plaintiffs' request, arguing that, because the proposed amended complaint was not filed as a matter of right pursuant to Practice Book § 10-59, the court could not rule on the request to amend until after it determined that it had subject matter jurisdiction over the case.

After hearing oral argument on the motions to dismiss,[6] the court dismissed the action, concluding that the plaintiffs lack standing to assert their claims. As to Reid & Riege, the court noted, inter alia, that, "considering [that] the damages being sought in the complaint concern funds that were allegedly removed improperly from the assets of the estate by its fiduciary, only the

---

[6] The court also granted the request of counsel for Reid & Riege to file a reply brief following oral argument to address cases that counsel for the plaintiffs had raised for the first time during oral argument.

estate has been potentially harmed by [Reid & Riege's] actions and, therefore, only the estate, by way of its legal representative, would have standing to bring an action against [it]. See *Geremia* v. *Geremia*, 159 Conn. App. 751, 783–84, 125 A.3d 549 (2015); see also *Litvack* v. *Artusio*, [137 Conn. App. 397, 403–405, 49 A.3d 762 (2012)]."

With respect to Martin, the court was unpersuaded by the plaintiffs' reliance on § 107 (2) (b) of the Restatement (Third) of Trusts. As an initial matter, the court noted that, although the present case involves an estate rather than a trust, the plaintiffs cited no authority for applying § 107 of the Restatement (Third) of Trusts to an estate. Nonetheless, the court, assuming that § 107 of the Restatement (Third) of Trusts should be applied to the plaintiffs' complaint, concluded that the plaintiffs' allegations in their complaint were insufficient to confer standing on them because "[c]learly missing from the allegations in the operative complaint are any facts that support [the assertion] that the beneficiaries are entitled to possession or immediate distribution of estate assets, that Attorney Shipman has committed some type of fraud or bad act against the estate, or that Attorney Shipman cannot or has refused to bring an action against the defendants on behalf of the estate improperly. To be clear, there are no allegations in the operative complaint that support any inference that Attorney Shipman is 'unable, unavailable, unsuitable, or improperly failing to protect the beneficiar[ies'] interest.' 4 Restatement (Third), supra, § 107 (2) (b). In fact, the court cannot draw any reasonable inferences, as the plaintiffs ask the court to do, concerning Attorney Shipman, who is not a party to this action, as her name and/or her appointment as the administratrix of the estate is not mentioned in the complaint, and the plaintiffs' attempts to remedy these deficiencies by filing an amended complaint or by proffering the missing

allegations in their brief and during oral argument are equally unsuccessful." The court explained in a footnote two reasons why the plaintiffs' attempt to cure their pleading deficiencies through their request for leave to amend failed: the plaintiffs' request did not comply with Practice Book § 10-60, and the court could not consider the request while the motions to dismiss for lack of subject matter jurisdiction were pending.

Ultimately, the court concluded, inter alia, that the plaintiffs lacked standing because any claim against the defendants could only be brought by Attorney Shipman as the administratrix of Kevin's estate. Because it concluded that the plaintiffs lacked standing to pursue their claims against the defendants, the court did not consider the defendants' argument that the plaintiffs' claims were not ripe or Reid & Riege's argument that its actions on which the plaintiffs' claims were based were protected by the litigation privilege. This appeal followed.

I

The plaintiffs first claim that the court improperly concluded that they lacked standing to assert their claims against the defendants. We are not persuaded.

We begin our analysis with the applicable standard of review and the relevant legal principles regarding standing. "A trial court's determination of whether a plaintiff lacks standing is a conclusion of law that is subject to plenary review on appeal." (Internal quotation marks omitted.) *Jefferson Solar, LLC* v. *FuelCell Energy, Inc.*, 224 Conn. App. 710, 722, 315 A.3d 302 (2024). "The question of whether a party has standing to bring an action implicates the court's subject matter jurisdiction. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable

right, title or interest in the subject matter of the controversy. . . . When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue . . . . Standing requires no more than a colorable claim of injury; a [party] ordinarily establishes . . . standing by allegations of injury [that he or she has suffered or is likely to suffer]. Similarly, standing exists to attempt to vindicate arguably protected interests. . . .

"Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in [the subject matter of the challenged action], as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the [challenged action]. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citations omitted; internal quotation marks omitted.) *Browning* v. *Van Brunt, DuBiago & Co., LLC*, supra, 330 Conn. 454–55. "[O]nly those individuals who have suffered a direct injury would have standing." (Emphasis omitted.) *Broadnax* v. *New Haven*, 270 Conn. 133, 156, 851 A.2d 1113 (2004). "It is axiomatic that a party does not have standing to raise the rights of another." *Frillici* v. *Westport*, 264 Conn. 266, 281, 823 A.2d 1172 (2003).

"[L]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts

evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. . . . When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . In contrast, if the complaint is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss . . . the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. . . . Rather, those allegations are tempered by the light shed on them by the [supplementary undisputed facts]. . . . If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits . . . or other evidence, the trial court may dismiss the action without further proceedings." (Citations omitted; emphasis omitted; footnote omitted; internal quotation marks omitted.) *Conboy* v. *State*, 292 Conn. 642, 651–52, 974 A.2d 669 (2009).

In the present case, Martin's motion to dismiss was predicated solely on alleged inadequacies in the plaintiffs' complaint. Similarly, the court concluded that the plaintiffs' complaint failed to allege any personal losses attributable to Reid & Riege's actions.[7] We, therefore,

---

[7] The court also concluded that the plaintiffs did not have standing to sue Reid & Riege for malpractice because they never were clients of the law firm. In reaching this conclusion, the court relied in part on the affidavit of Attorney Mary Miller. See footnote 4 of this opinion. Because the plaintiffs do not dispute the facts set forth in that affidavit, the court properly considered it when ruling on Reid & Riege's motion to dismiss. In light of our

review the allegations of the plaintiffs' complaint de novo to determine whether the allegations are sufficient to confer standing on the plaintiffs.

As a general rule, "[a]ctions designed to recover personalty belonging to the estate or for its use, conversion, or injury are brought by the fiduciary rather than by the beneficiaries." (Internal quotation marks omitted.) *Geremia* v. *Geremia*, supra, 159 Conn. App. 781–82. Consistent with this rule, General Statutes § 45a-234 (18) "vests in an administrator or executor the exclusive power '[t]o compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle claims in favor [of] or against the estate . . . as the fiduciary shall deem advisable . . . .' " *Geremia* v. *Geremia*, supra, 785. Section 45a-234 (18) further provides in relevant part that the administrator or executor's decision regarding the pursuit of claims on behalf of the estate "shall be conclusive between the fiduciary and the beneficiaries of the estate . . . in the absence of fraud, bad faith or gross negligence of the fiduciary. . . ."

This court applied both this general rule and the limited exception to it in *Geremia*. In that case, two beneficiaries of the decedent's estate brought an action against other beneficiaries, alleging, inter alia, claims of breach of fiduciary duty, conversion, statutory theft, and unjust enrichment arising out of the defendants' misappropriation of assets from the decedent. *Geremia* v. *Geremia*, supra, 159 Conn. App. 760–61. In their complaint, the plaintiffs alleged that "the estate of [the decedent] contains considerably less assets than would otherwise be the case because of the conduct of the

conclusion that the plaintiffs lack standing to assert their claims against the defendants because the decision to bring such claims belongs to Attorney Shipman as the administratrix of Kevin's estate, we need not address the additional ground on which the court relied, namely, that the plaintiffs lack standing to pursue their malpractice claim against Reid & Riege. Consequently, Attorney Miller's affidavit is not relevant to our analysis.

defendants." (Internal quotation marks omitted.) Id., 786. In affirming the judgment of the trial court dismissing the plaintiffs' claims, this court concluded that "the counts alleging breach of fiduciary duty and unjust enrichment, as well as those alleging conversion and statutory theft with respect to property belonging to [the decedent], all plead[ed] injuries derivative of those allegedly sustained by her estate. They do not amount to colorable claims of direct injury to the plaintiffs. Accordingly, the plaintiffs lack standing to maintain those actions before the Superior Court. The court properly dismissed those counts for lack of subject matter jurisdiction." Id., 788. In reaching this conclusion, the court held that the limited exception in § 45a-234 (18), which might allow for a direct claim by the beneficiaries, did not apply because "[a]bsent from the operative complaint is any allegation of fraud, bad faith, or gross negligence on the part of the administratrix of [the decedent's] estate." Id., 787.

The same is true in the present case. First, it is clear from the allegations of the complaint that the plaintiffs are seeking to recover for injuries to the estate. For example, in their breach of fiduciary duty count against Martin, the plaintiffs allege that Martin "converted estate funds to himself to satisfy his personal obligations to Reid & Riege" and that "Martin paid Reid & Riege directly from the assets of the estate at least $265,000 to pay his legal fees without a hearing or approval of the Probate Court and without affording the [plaintiffs] an opportunity to object." The plaintiffs further allege, as to Martin, that they were "damaged in the loss of a substantial portion of the estate to which they [were] entitled." These allegations were incorporated by reference into the plaintiffs' conversion and statutory theft counts against Martin. In addition, in the conversion count, the plaintiffs further allege that "Martin without right converted estate assets subject

to his possession and control to his own personal use and contrary to Connecticut law and right or justification."

Similarly, in the legal malpractice count against Reid & Riege, the plaintiffs allege that the law firm breached the standard of care by advising Martin "to convert $250,000 of estate funds to pay his legal fees to Reid & Riege and contrary to the best interests of the [plaintiffs]." They further allege that, as a result of Reid & Riege's conduct, they have been damaged in that "the value of their interests in the estate has been diminished and legal fees have been incurred."

Second, because the complaint fails to allege any direct injury to the plaintiffs, the only basis for them to recover losses suffered by the estate would have been for them to allege that Attorney Shipman, as the administratrix for the estate, improperly refused to pursue the claims against the defendants. As the trial court noted, however, the plaintiffs' operative complaint contains no allegations that "Attorney Shipman has committed some type of fraud or bad act against the estate, or that Attorney Shipman cannot or has refused to bring an action against the defendants on behalf of the estate improperly." Our own review of the complaint confirms that the court was correct. Although the operative complaint sets forth the allegation that Martin was removed as the executor of Kevin's estate, it does not even mention Attorney Shipman by name or title. In fact, it makes no mention of the appointment of a new administratrix of Kevin's estate and consequently does not allege that the administratrix improperly refused to pursue claims against the defendants. The absence of such an allegation is fatal to the plaintiffs' claim of standing. Consequently, the court correctly concluded that it lacked subject matter jurisdiction and properly dismissed the plaintiffs' complaint.[8]

___

[8] The plaintiffs' reliance on § 107 (2) (b) of the Restatement (Third) of Trusts and our Supreme Court's decision in *Browning* v. *Van Brunt, DuBi-*

II

The plaintiffs also claim that the court improperly declined to grant their request for leave to amend their complaint to include specific allegations as to Attorney Shipman. Essentially, the plaintiffs claim that they were deprived of an opportunity to correct the jurisdictional defect that resulted in the dismissal of their complaint as discussed in part I of this opinion.

As an initial matter, we note that the court did not deny the plaintiffs' request for leave to amend. Instead, it refused to consider it for two reasons. First, the request did not comply with Practice Book § 10-60. Second, the court concluded that it could not consider the request because "the motion to dismiss the original complaint based on subject matter jurisdiction was pending." As to its second basis, the court followed the long-standing principle that "all other action in a case comes to a halt once the issue of subject matter jurisdiction has been raised . . . ." (Internal quotation marks omitted.) *Kelly* v. *Albertsen*, 114 Conn. App. 600, 608, 970 A.2d 787 (2009).

The plaintiffs, relying on our Supreme Court's decision in *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 320 Conn. 535, 133 A.3d 140 (2016), argue that

*ago & Co.*, *LLC*, supra, 330 Conn. 447, is misplaced for at least two reasons. First, both § 107 (2) (b) of the Restatement (Third) of Trusts and *Browning* address the question of under what circumstances the beneficiary of a *trust* may pursue a direct claim when the trustee refuses to pursue the claim. As the trial court in the present case noted, however, this case does not involve a trust. The plaintiffs have provided us with no authority, and we are aware of none, in which a court has applied § 107 (2) (b) of the Restatement (Third) of Trusts to an estate.

Second, even if we were to assume that § 107 (2) (b) of the Restatement (Third) of Trusts applied to the plaintiffs' complaint, the result would be the same. As previously noted in this opinion, the operative complaint makes no mention of Attorney Shipman and therefore does not allege that she is unable, unavailable, unsuitable, or improperly failing to protect the plaintiffs' interests. See *Browning* v. *Van Brunt*, *DuBiago & Co.*, *LLC*, supra, 330 Conn. 458–60.

the court had the authority to permit the amendment in response to the motion to dismiss and improperly failed to do so. We are not persuaded.

"[A]lthough we ordinarily review a court's decision on a request to amend a pleading for an abuse of discretion; see *KDM Services, LLC* v. *DRVN Enterprises, Inc.*, 211 Conn. App. 135, 140, 271 A.3d 1103 (2022); in the present case, the issue is whether the court properly concluded that it [did not have] the authority in the first instance to permit the amendment, which is a question of law over which we exercise plenary review." *Gervais* v. *JACC Healthcare Center of Danielson, LLC*, 221 Conn. App. 148, 162, 300 A.3d 1244 (2023).[9]

Our Supreme Court addressed the precise question before us in *Gurliacci* v. *Mayer*, 218 Conn. 531, 590 A.2d 914 (1991). In that case, the plaintiff, a Stamford police officer, sued George Mayer, the then deputy chief of the Stamford Police Department, and the city of Stamford for injuries she claimed to have suffered when Mayer, who was driving while intoxicated, struck the rear of the plaintiff's unmarked police car. Id., 534. "On April 2, 1985, Mayer . . . moved to dismiss the action for lack of subject matter jurisdiction based on the

_____

[9] Reid & Riege correctly notes in its appellate brief that the plaintiffs have not challenged on appeal the court's conclusion that the request for leave to amend did not comply with Practice Book § 10-60. We often have said that when a trial court's decision is based on two independent grounds, and the appellant challenges only one of those grounds on appeal, his claim is moot because we can offer no practical relief in light of the unchallenged basis for the court's decision. See, e.g., *Finley* v. *Western Express, Inc.*, 205 Conn. App. 473, 479–80, 257 A.3d 395 (2021). We conclude that that principle does not apply here because the court's determination that it lacked authority to rule on the request for leave to amend effectively precluded it from exercising its discretion to determine whether the plaintiffs' failure to comply with § 10-60 warranted denying the request. In fact, as previously noted in this opinion, the court never ruled on the request. Consequently, we limit our consideration to the questions of whether the court correctly concluded that it did not have the authority to address the request and whether any error in that regard was harmless.

fellow employee immunity provision of General Statutes (Rev. to 1983) § 7-465. On May 10, 1985, the plaintiff requested permission of the court to amend her complaint. The plaintiff's request was granted over Mayer's objection. On May 30, 1985, the court . . . denied the motion to dismiss for lack of subject matter jurisdiction." (Footnote omitted.) Id., 536–37. After the jury awarded the plaintiff $485,000 in compensatory damages and the trial court denied Mayer's motion to set aside the verdict, Mayer appealed. Id., 539.

On appeal, Mayer claimed, inter alia, that the trial court had improperly determined that it had subject matter jurisdiction over the plaintiff's claim and improperly permitted the plaintiff to amend her complaint while the motion to dismiss was pending. Id., 541–45. After the Supreme Court concluded that the plaintiff's complaint was within the trial court's subject matter jurisdiction; id., 545; it addressed Mayer's claim that the trial court had improperly ruled on the plaintiff's motion to amend her complaint before addressing Mayer's motion to dismiss. The court explained: "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court. . . . In this case, the trial court allowed the plaintiff to amend her complaint prior to ruling on the motion to dismiss. By considering the motion to amend prior to ruling on the challenge to the court's subject matter jurisdiction, the court acted inconsistently with the rule that, as soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made." (Citations omitted.) Id., 545. The court then concluded that the trial court's error was harmless because, "even had the motion to dismiss been heard prior to the amendment of the complaint, it should have been denied." Id.

This court, relying on *Gurliacci*, has concluded that a trial court, when addressing a motion to dismiss for lack of standing, "properly considered the motion to dismiss on the basis of the operative complaint and not the plaintiff's proposed amended complaint." *North Star Contracting Corp.* v. *Albright*, 156 Conn. App. 311, 315 n.5, 112 A.3d 216 (2015); see also *Cumberland Farms, Inc.* v. *Dubois*, 154 Conn. App. 448, 455 n.7, 107 A.3d 995 (2014) ("once the defendant filed his motion to dismiss on the ground that the court lacked subject matter jurisdiction, the court was required to refrain from acting on the plaintiff's request to amend its complaint"). Consequently, the trial court in the present case properly applied this precedent by considering the defendants' motions to dismiss on the basis of the operative complaint rather than the plaintiffs' proposed amended complaint.

The plaintiffs' reliance on *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, supra, 320 Conn. 535, is misplaced. In that case, our Supreme Court held that the addition or substitution of a real party in interest as a plaintiff, if allowed by the court, would cure any original plaintiff's lack of standing. Id., 547. Our Supreme Court, in deciding this narrow issue, concluded that such an amendment was an appropriate vehicle to cure a lack of standing because "it is a type of jurisdictional defect that our legislature, through the enactment of [General Statutes] § 52-109, has deemed amenable to correction and, therefore, not irremediably fatal to an action. That statute provides: When any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff. General Statutes § 52-109.

"[Our Supreme Court] has explained that § 52-109 allow[s] a substituted plaintiff to enter a case [w]hen any action has been commenced in the name of the wrong person as [the] plaintiff, and that such a substitution will relate back to and correct, retroactively, any defect in a prior pleading concerning the identity of the real party in interest. . . . Thus, a substitution of a real party in interest as the plaintiff cures the lack of standing of the original plaintiff . . . and, further, is permissible even after the statute of limitations has run. . . . An addition or substitution is discretionary, but generally should be allowed when, due to an error, misunderstanding or misconception, an action was commenced in the name of the wrong party, instead of the real party in interest, whose presence is required for a determination of the matter in dispute." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, supra, 320 Conn. 552–53.

The present case does not involve a motion to add or substitute a plaintiff who is the real party in interest. To the contrary, the plaintiffs maintain that they have the right to pursue their claims *in lieu of* the true owner of those claims. Moreover, there is no statute akin to § 52-109 that suggests that a plaintiff who fails to sufficiently allege a direct injury necessary for standing should be permitted to amend her complaint to correct that deficiency after the defendant has raised the issue of standing in a motion to dismiss. Simply put, the holding in *Fairfield Merrittview Ltd. Partnership* addresses a wholly unrelated factual and legal scenario and in no way undermines the holding or reasoning of *Gurliacci* and its progeny.

Furthermore, even if we were to conclude that the court should have permitted the plaintiffs to amend their complaint, the result would be the same. In their proposed amended complaint, the plaintiffs added two

new paragraphs that mention Attorney Shipman: "55. The current administratrix of the estate, Attorney Shipman, was requested by the [plaintiffs] through counsel to bring an action against the above-named defendants. The administratrix has thus far refused or neglected to do so. 56. It is believed that Attorney Shipman has or will assign the right to pursue the estate and trust's claims against the defendants to the [plaintiffs]." Although these proposed amendments allege that Attorney Shipman refused or neglected to bring the claims against the defendants, even when afforded a broad interpretation they do not allege that she did so improperly, that she acted fraudulently or in bad faith, or that she was grossly negligent. See General Statutes § 45a-234 (18). The allegations of the proposed amended complaint do not even meet the standard set forth in § 107 (2) (b) of the Restatement (Third) of Trusts that the fiduciary is "unable, unavailable, unsuitable, or improperly failing to protect the beneficiary's interest." Consequently, even if the court had considered the plaintiffs' proposed amended complaint when it ruled on the defendants' motions to dismiss, the result would have been the same.

The judgment is affirmed.

In this opinion the other judges concurred.